**NAN ZHU YIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–5139–ag.

United States Court of Appeals, Second Circuit.

June 24, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

**313**

Michael Brown, New York, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Nan Zhu Yin, a native and citizen of the People's Republic of China, seeks review of a September 23, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Nan Zhu Yin,* No. A099 423 311 (B.I.A. Sept. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v.*

*Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

The BIA did not abuse its discretion in finding that Yin failed to establish *prima facie* eligibility for the underlying relief he sought. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). Contrary to Yin's assertion, nothing in the BIA's decision indicates that it applied an improper standard of review where it held that his evidence failed to "meet his burden to demonstrate a realistic chance that he can establish his eligibility for the requested relief." *See id.* (finding that an asylum applicant seeking to reopen his case must "establish *prima facie* eligibility for asylum, *i.e.,* 'a realistic chance' that he will be able to establish eligibility").

Additionally, we have found that the BIA may deny a motion to reopen which fails to overcome a prior adverse credibility determination. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam); *cf. Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007). In his motion, Yin asserted that the Chinese government discovered his Falun Gong activities in the United States. However, as the BIA noted, the IJ found Yin's testimony not credible, including his assertion that he practiced Falun Gong in the United States. The BIA affirmed that credibility finding, which remains unchallenged. Moreover, the BIA properly found that the affidavit Yin submitted in support of his motion, which stated that he left China illegally through a smuggler, contradicted his original testimony, which indicated that he left China through an inspection point using his own passport. Thus, we find no abuse of discretion in the BIA's denial of Yin's motion to reopen. *See Ali,* 448 F.3d at 517.

**314**

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).